Read, J.
The demurrer having been overruled and withdrawn, and rejoinder filed by defendant, it is not before the court for consideration. But, if the pleading will not support the judgment, the facts stated in the replication not being sufficient, if true, to avoid the plea of statute of limitations, judgment must bo reversed.
It is contended there is error, because tho issue tendered by tho replication and accepted by the rejoinder is immaterial, and that tho court should have awarded a repleader. If a repleader be denied when it should be granted it is error, because the verdict leaves the court in doubt for which party to *give judgment. But issue taken upon a plea or replication, good in form, though not in fact, makes no case for a repleader. When plea or replication is good in substance, and some immaterial part of it is traversed, leaving the main fact unfound by the verdict of tho jury, a repleader must be awarded. A repleader looks to the form and manner of pleading, and not td the substance of the plea.
*207 If the plea or replication is good irf form, but sets up matter that neither constitutes bar nor answer, and issue be taken upon it, and it be found true by verdict, it still loaves the cause of action or bar unanswered and confessed, because the fact plead and found is itself no bar; and, in such case, judgment, non obstatite veredicto, should be in favor of the party whose cause of action or bar is confessed, and not avoided by the fact'set up, though true. This is upon the ground that the facts plead in themselves constitute no bar or answer. Hence judgment non obstante is upon -the merits where repleading the matter, in any form whatever, could not make it good. A repleader is awarded when the matter is good, but defectively and informally stated to have it molded into proper form and manner.
If there be error, then, in this case, it looks to the merits; and the sole question is, whether the matter sot up in the replication, to avoid the plea, is sufficient in law. This involves a construction-of section 7 of the “act for the limitation of actions,” excepting certain cases from its operation.
The statute excepts three classes of cases : 1. When any person shall have left the state and remained out of the same; or, 2. Shall reside out of the same when the cause of action shall have accrued against him, or shall have removed to any place unknown to the person in whose favor such cause of action may exist during such time as is limited by this act. In such cases the action may be commenced within such time as is limited by the act, after his or her return to the state; or if within the state, and if his or her residence is unknown, then within such time after his or her place of residence shall become known.
The replication sots up a removal to parts unknown without *thc state, and suit brought within six years after a return to the state.
It is a maxim of interpretation that, when the words of a statute are unambiguous, there is no room for construction.
The statute says : “If a person remove to parts unknown during such time as is limited by this act, then alter his return to the state, or if within the state, after his place of'residence shall become known, the action may be commenced against him within the time limited by this act.”
If a person, then, go,to parts unknown, during the existence of a cause of action against him, he loses the benefit of the timo *208 which may have run in his favor prior to his departure, and gives the entire time, first limited, to the person having a claim against him, within which to commence his suit, after his place of residence shall have become known. There, of course, must be a removal and change of residence, not a mere temporary absence.
If a person remove to parts unknown, it matters not whether he goes beyond the limits of the state, or remains concealed or unknown within it, the statute does not commence running in his favo.r, until his place of residence becomes known. A mere return, in case of removal without the state, is not sufficient, unless the claimant has a knowledge of his residence after such return.
Under this view of the statute the replication is good, and judgment upon the verdict was rightly rendered for the plaintiff.
Judgment affirmed.